UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ANTONY AENEAS DANIELS,                      Case No. 19-cv-3110 (MKB)(CLP)

                    Plaintiff,

          - against -

AMERICAN AIRLINES, INC.,

                    Defendant.

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS THE AMENDED COMPLAINT**

Daniel Gomez-Sanchez
Shirley W. Bi
LITTLER MENDELSON, P.C.
290 Broadhollow Road, Suite 305
Melville, New York 11747
(631) 247-4700
dsgomez@littler.com
sbi@littler.com

## TABLE OF CONTENTS

**PAGE**

PRELIMINARY STATEMENT ........................................................................ 1

STATEMENT OF FACTS ............................................................................... 3

    I.      ALLEGATIONS LEADING UP TO PLAINTIFF'S SEPARATION OF
           EMPLOYMENT ............................................................................ 4

    II.     ALLEGATIONS FOLLOWING plaintiff's SEPARATION OF
           EMPLOYMENT ............................................................................ 6

    III.    PROCEDURAL HISTORY ............................................................ 8

ARGUMENT ................................................................................................. 9

    I.      PLAINTIFF'S BREACH OF CONTRACT CLAIM FAILS ................ 9

           A.    Preemption by the Railway Labor Act ................................. 9

           B.    Plaintiff Fails to Establish a Breach of Contract Under New York
                  Law ................................................................................. 11

    II.     PLAINTIFF'S DEFAMATION CLAIM MUST BE DISMISSED ........ 11

    III.    PLAINTIFF FAILS TO STATE A CLAIM FOR NEGLIGENCE ........ 12

    IV.    PLAINTIFF CANNOT RAISE PRIVATE CAUSES OF ACTION
           UNDER CRIMINAL LAW THEORIES ........................................ 13

    V.     THE REMAINDER OF THE AMENDED COMPLAINT MUST BE
           DISMISSED FOR FAILURE TO STATE A CLAIM ...................... 14

           A.    Standard of Review ........................................................ 14

           B.    To the Extent Plaintiff Brings Asserts State Law Disparate
                  Treatment Claims, They Are Time-Barred ......................... 14

           C.    Plaintiff's NYSHRL Discrimination, Hostile Work Environment,
                  and Retaliation Claims Are Implausible ............................. 15

                  1.    Discrimination Claims Fail ...................................... 15

                  2.    Hostile Work Environment Claims Fail ...................... 16

                  3.    Retaliation Claims Fail ............................................ 17

D.     Plaintiff's NYCHRL Discrimination, Hostile Work Environment, and Retaliation Claims Are Likewise Implausible ................................. 18

      1.     Discrimination and Hostile Work Environment Claims Fail....... 18

      2.     Retaliation Claims Fail .................................................................. 19

VI.     RETALIATION UNDER NEW YORK LABOR LAW § 215 FAILS .............. 21

A.     The Two-Year Statute of Limitations Bars Plaintiff's NYLL § 215 Claim.................................................................................................... 21

B.     Plaintiff Fails to State a Claim Under NYLL § 215 ............................... 21

VII.     FUTILITY OF AMENDMENT ....................................................... 22

CONCLUSION..................................................................................... 23

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

<u>Alaska Airlines, Inc. v. Schurke</u>,
　898 F.3d 904 (9th Cir. 2018) ................................................................10

<u>Albunio v. City of New York</u>,
　16 N.Y.3d 472 (2011) ........................................................................19

<u>Ashcroft v. Iqbal</u>,
　556 U.S. 662 (2009)........................................................................14, 15

<u>Bell Atlantic Corp. v. Twombly</u>,
　550 U.S. 544 (2007) ..........................................................................14

<u>Bldg. Trades Council v. Garmon</u>,
　359 U.S. 236 (1959)...........................................................................10

<u>Boonmalert v. City of New York</u>,
　721 F. App'x 29 (2d Cir. 2018) ..............................................................16

<u>Campbell v. Bottling Grp., LLC</u>,
　814 F. App'x 630 (2d. Cir. 2020) ............................................................17

<u>Clement v. United Homes, LLC</u>,
　914 F. Supp. 2d 362 (E.D.N.Y. 2012) .......................................................15

<u>Duplan v. City of New York</u>,
　888 F.3d 612 (2d Cir. 2018)...................................................................16

<u>Farmer v. Patino</u>,
　18 Civ. 1435 (AMD)(LB), 2020 WL 5342592 (E.D.N.Y. Sept. 4, 2020)..............21

<u>Ferris v. Delta Air Lines, Inc.</u>,
　277 F.3d 128 (2d Cir. 2001)...................................................................13

<u>Golston-Green v. City of New York</u>,
　184 A.D.3d 24 (2d Dep't 2020) ..............................................................19

<u>Harrington v. City of New York</u>,
　157 A.D.3d 582 (1st Dep't 2018) .............................................................20

<u>Harris v. Mills</u>,
　572 F.3d 66 (2d Cir. 2009).....................................................................14

Hawaiian Airlines, Inc. v. Norris,
    512 U.S. 246 (1994)........................................................................................................10

Hicks v. Baines,
    593 F.3d 159 ...................................................................................................................17

Holcomb v. State Univ. of N.Y. at Fredonia,
    698 F. App'x 30 (2d Cir. 2017) .....................................................................................17

Hyek v. Field Support Servs., Inc.,
    461 F. App'x 59 (2d Cir. 2012) .....................................................................................15

Kalola v. Int'l Business Machines Corp.,
    No. 19 Civ. 9900 (VB), 2019 WL 6879307 (S.D.N.Y. Dec. 16, 2019) ....................13, 22

Kamdem-Ouaffo v. Balchem Corp.,
    No. 17-CV-2810 (KMK), 2018 WL 4386092 (S.D.N.Y. Sept. 14, 2018) .....................12

Kampuries v. American Honda Motor Co., Inc.,
    204 F. Supp. 3d 484 (E.D.N.Y. 2016) ...........................................................................14

Khurana v. Wahed Invest, LLC,
    18 Civ. 233 (LAK)(BCM), 2020 WL 364794 (S.D.N.Y. Jan. 8, 2020) .......................22

Lesesne v. Brimecome,
    918 F. Supp. 2d 221 (S.D.N.Y. 2013)............................................................................11

Lindsay v. Ass'n of Prof'l Flight Attendants,
    581 F.3d 47 (2d Cir. 2009).............................................................................................10

Littlejohn v. City of New York,
    795 F.3d 297 (2d Cir. 2015)...........................................................................................17

Melanson v. United Air Lines,
    931 F.2d 558 (9th Cir. 1991) .........................................................................................10

Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.,
    715 F.3d 102 (2d Cir. 2013)...........................................................................................19

Nguedi v. Fed. Reserve Bank of N.Y.,
    813 F. App'x 616 (2d Cir. 2020) ...................................................................................19

NLRB v. Allis-Chalmers Mfg. Co.,
    388 U.S. 175 (1967).......................................................................................................10

Palin v. N.Y. Times Co.,
    940 F.3d 804 (2d Cir. 2019)...........................................................................................12

Polidoro v. Chubb Corp.,
    386 F. Supp. 2d 33 (S.D.N.Y. 2005) ................................................................. 12

Porter v. MooreGroup Corp.,
    17 Civ. 7405 (KAM)(VMS), 2020 WL 32434 (E.D.N.Y. Jan. 2, 2020) ................................. 22

Reichman v. City of New York,
    179 A.D.3d 1115 (2d Dep't 2020) ................................................................. 16

Rojas v. Roman Catholic Diocese of Rochester,
    660 F.3d 98 (2d Cir. 2011) ..................................................................... 18

Tubo v. Orange Reg'l Med. Ctr.,
    690 F. App'x 736 (2d Cir. 2017) ................................................................ 15

Williams v. New York City Hous. Auth.,
    61 A.D.3d 62 (1st Dept. 2009) .................................................................. 17

Yu v. City of New York,
    792 F. App'x 117 (2d Cir. 2020) ................................................................ 14

**Statutes**

29 U.S.C. § 626(d) ................................................................................ 14

45 U.S.C. § 151 .................................................................................. 10

45 U.S.C. § 152 .................................................................................. 10

45 U.S.C. § 181 .................................................................................. 10

45 U.S.C. § 184 .................................................................................. 10

Fair Labor Standards Act .......................................................................... 21

N.Y. WORKERS' COMP. L. § 11 ...................................................................... 13

N.Y. WORKERS' COMP. L. § 29(6) ................................................................... 13

New York City Human Rights Law ............................................................. passim

New York Labor Law § 215 ................................................................ 3, 4, 21, 22

New York Penal Law § 20.00 ..................................................................... 4, 13

New York Penal Law § 210.45 .................................................................... 4, 13

New York State Human Rights Law ............................................................ passim

Railway Labor Act ..........................................................................................................1, 9, 10

**Other Authorities**

Federal Rules of Civil Procedure Rule 4 ......................................................................8

Federal Rule of Civil Procedure Rule 8 ......................................................................15

Federal Rules of Civil Procedure Rule 15(a)(2) .........................................................22

N.Y. C.P.L.R. § 214(5) ................................................................................................12

N.Y. C.P.L.R. § 215 .....................................................................................................11

## PRELIMINARY STATEMENT

As directed by the Court's September 4, 2020 Order ("Order') (**App'x A**), which dismissed Plaintiff's Complaint without prejudice to file an Amended Complaint, Plaintiff *pro se* Antony Daniels, a former flight attendant for American Airlines, Inc. ("American"), filed an Amended Complaint ("AC") naming American as the sole Defendant. Plaintiff's AC purports to raise claims of: "workplace bullying," a hostile work environment, retaliation, falsification of "work documents," negligence, libel and slander, as well as various criminal law theories. The AC, like Plaintiff's initial Complaint, lacks merit and must be dismissed in its entirety. In short, Plaintiff repeats virtually identical claims, reiterates the same factual allegations this Court previously found to be deficient in support of those claims, and continues to rely on purely subjective conclusions. In other words, the AC does not correct any of the deficiencies identified by the Court in its Order dismissing Plaintiff's Complaint.

First, with respect to the breach of contract claim, any challenge to the collective bargaining agreement ("CBA") with the APFA union is preempted by the Railway Labor Act ("RLA"). Further, the AC repeats the same conclusions by Plaintiff concerning his colleagues, White, Eherts, and Howell, without identifying a specific contract, alleging plaintiff's adequate performance, or breach by American. Therefore, Plaintiff's contract claim should be dismissed for lack of subject matter jurisdiction and failure to state a claim.

Second, the AC's defamation claim fails because Plaintiff has not identified a single written or spoken statement published by any individual affiliated with American within the applicable one-year statute of limitations, let alone plausibly pleading that such statement could reasonably be viewed as false. Therefore, the defamation claim fails and must be dismissed.

Third, Plaintiff fails to overcome the rationale set forth in the Court's Order that all allegations concerning any alleged negligence by American must be adjudicated, exclusively, by the New York Workers' Compensation Board as set forth by State statute. Therefore, the negligence claim, though renewed in the AC, must be dismissed as precluded by State law remedy.

Fourth, the Court has already noted in the Order that the instant civil lawsuit is no place for Plaintiff to prosecute American under theories of criminal law. Plaintiff could not point to a single statute that indicates that Congress intended to create such private causes of action for claims arising under, for example, providing "false statements to a police officer" or "acting in concert." Thus, Plaintiff cannot maintain his claims that American violated criminal statutes.

Fifth, Plaintiff again submits a lengthy "laundry list" of workplace incidents surrounding his separation. Without correcting the issues in his prior pleading, Plaintiff concludes, generally, that his disagreement and dissatisfaction with his "ban" from American flights, removal from the company computer system, and placement on "withheld from service" status, should be permitted to proceed to discovery. Thus, to the extent the AC can be construed to raise claims pursuant to the New York State Human Rights Law and the New York City Human Rights Law, a majority of Plaintiff's allegations are barred by the three-yar statute of limitations applicable to the New York State and City Human Rights Laws ("NYSHRL" and "NYCHRL," respectively). The AC fails to raise any plausible facts to salvage Plaintiff's untimely claims that accrued prior to May 1, 2016.

Moreover, the AC appears to withdraw prior allegations that American committed discriminatory acts based on Plaintiff's age. To the extent that Plaintiff's allegations may constitute an adverse employment actions under the NYSHRL, or that Plaintiff was somehow treated "less well" under the NYCHRL, the AC does not allege facts plausibly showing a discriminatory animus based on any of Plaintiff's protected characteristic or status. With respect

to claims of hostile work environment under the NYSHRL, the AC does not include a single comment by American's employees that could be reasonably interpreted as creating a severe or pervasive hostile work environment on the basis of any protected class.

Finally, all NYSHRL and NYCHRL retaliation claims must fail, because Plaintiff fails to allege that he engaged in any protected activities that could be understood by American as opposing any antidiscrimination laws, whether based on Plaintiff's age or another characteristic. In addition to the absence of a protected activity, the AC is filled with American's alleged mistreatment of Plaintiff <u>after</u> his separation, which cannot be used to establish the causation prong of a <u>prima facie</u> retaliation case between any alleged complaints or protected activities (which there are none) and adverse actions.  To the extent that Plaintiff alleges a New York Labor Law § 215 retaliation claim, such claims are barred by a two-year statute of limitations, and Plaintiff cannot establish a causal connection between any alleged complaints and retaliatory actions by American.

Accordingly, the AC must be dismissed in its entirety for failure to state a claim.

## **STATEMENT OF FACTS**[1]

Plaintiff, a former New York City-based flight attendant for American assigned to LaGuardia Airport, worked for Defendant from September 18, 2014 until May 19, 2016.  <u>See</u> Mem. & Order, dated September 4, 2020, Dkt. No. 26 ("Order"), at 2 (**Appendix A**).  In the AC,[2] Plaintiff

---

[1] For purposes of this motion only and in accordance with applicable law, Defendant assumes that the non-conclusory allegations asserted in the AC are true, and further incorporates certain relevant facts from Defendant's prior motion to dismiss (Dkt. Nos. 17-22), as well as the Court's Order, dated September 4, 2020 (Dkt. No. 26).  Notwithstanding, Defendant reserves the right to controvert any and all allegations contained in the AC at any subsequent stage in the litigation of this matter.

[2] Plaintiff initially filed an AC on April 17, 2021 (Dkt. No. 42).  On April 24, 2021 sought leave from the Court to correct certain typographical errors in his AC (Dkt. No. 43-1).  On May 21, 2021, the Court granted Plaintiff's request (Order, Dkt. No. 50).  That same day, Plaintiff again filed an AC (Dkt. No. 52) that is identical to the prior "uncorrected" version (Dkt. No. 42).  As such, Defendant addresses the "corrected" version of Plaintiff's AC (Dkt. No. 43-1) which purportedly fixed typographical errors, as the operative AC as granted by the Court.

alleges a litany of purported common law and criminal law claims against Defendant, including:
"workplace bullying," a hostile work environment, retaliation (under New York Labor Law § 215),
falsification of unidentified "work documents," negligence ("malfeasance and nonfeasance"), libel
and slander, as well as various criminal law theories such as providing false statements to a police
officer (under New York Penal Law § 210.45), aiding and abetting and acting in concert (under
New York Penal Law § 20.00), and accessory after the fact. See AC (Dkt. No. 43-1), at 1.

The AC appears to have abandoned certain allegations leading up to Plaintiff's termination
in May of 2016. See Order, Sections I(a)(i)-(ii) (concerning Plaintiff's roundtrip flights between
New York and Paris); I(b) (certain details about being "withheld from service" at John F. Kennedy
("JFK") Airport); I(e) ("Attempts to obtain information about ban and end of employment"); and
I(f) ("Allegations of age discrimination").

## I.    ALLEGATIONS   LEADING   UP   TO   PLAINTIFF'S   SEPARATION   OF EMPLOYMENT

Plaintiff alleges that sometime prior to his separation, American had "denied [him]
NECESSARY company resources." AC ¶ 1. Chet White, a New York-based manager, banned
Plaintiff "from flying on American Airlines THOUGH HE WAS STILL EMPLOYED," and, three
hours later, "escorted" Plaintiff "through airport security and then placed [him] on a direct flight
from New York to Chicago (O'Hare Airport)" sometime in "Spring or Early Summer 2016." Id.
¶ 2; see also Order, Section I(d) ("Plaintiff is banned from flying with American Airlines").
Plaintiff alleges that it is not possible "TO BAN A PASSENGER/EMPLOYEE IN NEW YORK
and THEN ALLOW THEM TO FLY TO CHICAGO AFTER THE BANNING TAKES PLACE."
AC ¶ 2. Plaintiff abandons his prior allegations that White defamed Plaintiff by falsifying
information in Plaintiff's employee file, and that White personally disabled Plaintiff's employee
email and portal access. See Order, Section I(g)(i) (Plaintiff alleged that White failed to act despite

- 4 -

witnessing inhumane treatment against Plaintiff, and also disabled Plaintiff's email access). Plaintiff further claims, in conclusory fashion, that American provided the police with false information.  See AC at 1, 21.  Plaintiff fails to identify what the false information is, why it is "false," or how it impacted his employment.

Additionally, Ellen Eherts, an Association of Professional Flight Attendants ("APFA") Union Representative and American employee, allegedly failed to "escort plaintiff to plaintiff's gate when plaintiff was being forced to leave New York—because of workplace retaliation and workplace bullying."  AC ¶ 8.  Therefore, Eherts allegedly breached the "contract which plaintiff . . . held with" American as well as the APFA Union, because he "was not represented, defended, and support[ed] during a dire situation where plaintiff made it known to Ellen Eherts that plaintiff risked imminent termination."  Id.  Moreover, the AC alleges that Eherts "did not fulfill her professional duties when it came to advocating for the plaintiff.  Id. ¶ 9; see also Order, Section I(e) (Plaintiff alleged that Eherts, as well as others, organized a meeting in order to humiliate Plaintiff).  As with the original Complaint, Plaintiff again contends that Eherts breached a contract with him, but as Plaintiff never identifies the contract, Defendant therefore assumes that he is referring to the applicable CBA with APFA.

The AC also alleges that Felix Elias-Rivera, a Flight Service Manager, "had a motive for carrying out workplace retaliation against plaintiff," because, at that time, Elias-Rivera's wife, who was also "employed as a flight attendant," was somehow connected to "the aggressors who bullied plaintiff [] on the job."  AC ¶ 10.  Therefore, the AC concludes, that Elias-Rivera was unable to "render an ethical and unbiased assessment of plaintiff's interaction with colleagues who had bullied him in the workplace."  Id. ¶ 11; see also Order, Section I(e) (Plaintiff alleged that Elias-Rivera slammed Plaintiff's suitcase and pulled out his boxer briefs to humiliate Plaintiff).

- 5 -

The AC also concludes that Charlene Howell, an Inflight Manager, "singled out" Plaintiff by placing him on "withheld from service status" which "stray[ed] from company procedure and "ultimately led to plaintiff being illegally terminated and banned from all American Airlines flights by Chet White," AC, ¶ 7.  However, the AC fails to allege any facts discussing what prompted the decision to withhold Plaintiff from "service status."  Defendant assumes that this is the same incident as that occurred at JFK Airport.  See Order, Section I(b).

Plaintiff also contends American tampered with evidence which requires issuance of subpoenas so that he may prove his claim, but fails to provide any additional facts other than that Plaintiff "disagrees" with Defendant's prior Motion to Dismiss.  See AC ¶ 12.[3]

## II.   ALLEGATIONS   FOLLOWING   PLAINTIFF'S   SEPARATION   OF EMPLOYMENT

Plaintiff alleges that sometime after his termination, American (though without specifying a particular speaker) gave "untruthful statements as to why plaintiff [was] no longer [] employed" by stating that Plaintiff committed "JOB ABANDONMENT." Id. ¶ 3.  Plaintiff alleges that Amber Sanders, an American representative, "did not have an answer/response for plaintiff" when he informed Sanders that he "DID NOT ABANDON HIS JOB and that his separation from American Airlines, Inc. was a result of him being BANNED FROM FLYING ON ALL AMERICAN FLIGHTS." Id.  The AC alleges that Sanders could have, but did not, do "more research in order to provide a qualitative explanation for why there was contradictory data in plaintiffs [sic] employee file," and also "recommended that the plaintiff cease from contacting American Airlines, Inc. in the future." Id.; see also Order, Section I(g)(iii) (Plaintiff alleged that Sanders neglected her duties as a Human Resources representative).

---

[3] To the extent that Plaintiff is re-alleging his claim for spoliation of evidence, this claim must be dismissed as New York law does not recognize an independent cause of action for spoliation of evidence.  See Order at 49.

Plaintiff alleges that sometime later, American provided "false information" to the New York Department of Labor "regarding the reason as to why [he was] no longer [] employ[ed] at American Airlines, Inc.," AC ¶ 5, "in order to escape legal repercussions which result from WORKPLACE RETALIATION and illegal termination." Id. ¶ 4. As a result, Plaintiff was allegedly "unable to obtain unemployment benefits [for] which he should have qualified." Id. ¶ 5. However, Plaintiff fails to identify what files were falsified, how they were falsified, what information was improperly added or omitted, or when these files were allegedly falsified. Id.

Subsequently, Plaintiff allegedly provided "a detailed report" to Chief Executive Officer Douglas Parker stating that Plaintiff was "banned from flying on American Airlines" and that his "JetNet and company email accounts were disabled" while Plaintiff was still employed. Id. ¶ 6. During this unspecified period after Plaintiff's separation, Parker allegedly "never responded to plaintiffs [sic] complaint via email, postal mail, telephone, or any other means of communication" and failed to provide "an explanation regarding why he was banned," despite being aware of Plaintiff's "unresolved issue of illegally being terminated." Id.; see also Order, Section I(g)(iv) (Plaintiff alleged that Parker failed to investigate Plaintiff's complaints).

Based on the above, the AC disagrees with the reason for Plaintiff's separation of employment, i.e., job abandonment, and instead, concludes that Plaintiff was subjected to certain "UNETHICAL ACTIONS" and "foul play which was at work in harming the plaintiff." AC ¶ 12. In sum, Plaintiff alleges that "American Airlines Inc. took an active role and also the 'front seat' in destroying the financial and professional life of plaintiff . . . ." Id. ¶ 13. As with the original Complaint, the AC, in a categorically conclusory fashion, again contends that Plaintiff was subjected to "continuous workplace bullying" that constituted a "hostile work environment," but

he never states how he was "bullied" or even references a protected characteristic or activity on which a discriminatory or retaliatory animus may be based.

## III.   **PROCEDURAL HISTORY**

Plaintiff filed the instant action on May 1, 2019 in the Supreme Court of the State of New York, County of Queens.  See Order at 1.  On May 24, 2019, American removed the State Court action to this Court.  Id.  On December 5, 2019, Defendants moved to dismiss the Complaint on the basis of insufficient service of process against the previously named Individual Defendants, and that the Complaint failed to state a plausible claim in any respect.  See Dkt. Nos. 17-22.  On September 4, 2020, the Court granted Defendants' motion, dismissing all previously named Individual Defendants, dismissed the Complaint, and granted Plaintiff leave to file an AC.  See Order.[4]  On April 17, 24, and May 21, 2021, respectively, Plaintiff filed several versions of the AC.  See Dkt. Nos. 42, 43-1, and 52.

Consistent with the deficiencies in the original Complaint, the AC simply raises hyper-generalized complaints about his alleged working conditions.  The absence of facts confirms that Plaintiff is relying solely on speculation and surmise to prosecute his claims, and leaves Defendant guessing as to the nature of Plaintiff's claims.  Given the prolix and meandering nature of the AC, this Motion is premised on Defendants' best understanding of Plaintiff's claims.

Accordingly, Defendant American now moves to dismiss the AC in its entirety.

---

[4] As ordered, "in the event that Plaintiff chooses to file an amended complaint, the Court directs Plaintiff to serve the Individual Defendants with the summons and amended complaint in compliance with Rule 4 of the Federal Rules of the Civil Procedure." Order, at 27.  In the AC, Plaintiff "change[d] the defendant to strictly *American Airlines Inc.*," and has dropped his claims against the Individual Defendants.  AC at 1.

## ARGUMENT

### I.     PLAINTIFF'S BREACH OF CONTRACT CLAIM FAILS

#### A.     Preemption by the Railway Labor Act

The AC again contains a series of hyper-generalized allegations related to the working conditions of Plaintiff's employment with American (e.g., "workplace bullying" and breach of contract).   Specifically, Plaintiff alleges that White denied his "computer resources" before Plaintiff was "made redundant by American Airlines Inc."  AC ¶ 1.  Plaintiff's claims related to these allegations have previously been dismissed by the Order because "Plaintiff's conclusory allegations that Defendants violated company regulation by blocking Plaintiff's access to his employee email are not sufficient to state a breach of contract claim."  Order, at 44.

Additionally, Plaintiff alleges that Eherts breached a "contract which plaintiff . . . held with" American, "because plaintiff pays union dues on a monthly basis," but that Eherts failed to defend Plaintiff despite learning that "plaintiff risked imminent termination."  AC ¶ 8.  Although Plaintiff has filed an AC, his breach of contract claim remains similar in substance to that raised in the original Complaint, i.e., Plaintiff remains dissatisfied with the alleged resolution of the grievances concerning his ban from flying on American's flights which were raised with Eherts.

The other relevant allegation concerns Howell, an Inflight Manager who allegedly "stray[ed] from company procedure as it relates to placing flight attendant/plaintiff on 'withheld from service status.'"  AC, ¶ 7.  Without providing any factual details concerning how Howell violated company procedures, however, Plaintiff concludes that Howell is "responsible for carrying out workplace retaliation," and "is responsible for . . . breach of contract," among other criminal theories.  See also infra, Section IV.

Accordingly, American respectfully incorporates its prior arguments raised in its original Motion to Dismiss (see Def. Mem., at Dkt. No. 21, at 8-11); see also Declaration of Mark Moscicki,

dated September 19, 2019.[5]  Namely, American's status as a passenger air carrier submits it within the ambit of the RLA, which grievance and arbitration systems must be used exclusively for resolving labor claims arising under the CBA.  See 45 U.S.C. §§ 151, 181; Hawaiian Airlines, Inc. v. Norris, 512 U.S. 246, 252 (1994).  The RLA requires air carriers to negotiate "rates of pay, rules, and working conditions" with their employees' collective bargaining representatives.  See 45 U.S.C. § 152; San Diego Bldg. Trades Council v. Garmon, 359 U.S. 236, 245–46 (1959). Moreover, the RLA extinguishes Plaintiff's power to negotiate his own relations with American, his former employer, and vice versa as Plaintiff was a represented employee in his former capacity as a Flight Attendant.  See Lindsay v. Ass'n of Prof'l Flight Attendants, 581 F.3d 47, 55 (2d Cir. 2009) (quoting NLRB v. Allis-Chalmers Mfg. Co., 388 U.S. 175, 180 (1967)); Melanson v. United Air Lines, 931 F.2d 558, 561-63 (9th Cir. 1991).  Accordingly, Plaintiff's claims are subject to Garmon preemption and should be dismissed.

Courts addressing issues of RLA preclusion divide labor disputes into two categories: "major disputes" and "minor disputes."  See Hawaiian Airlines, 512 U.S. at 252. "Major disputes" involve the formation of CBAs.  Id.  The AC does not appear to challenge the formation of the CBA, or any of its associated contractual rights.

To the extent that Plaintiff's claims about his working conditions and "workplace bullying" are considered "minor disputes," the Court does not have jurisdiction to adjudicate such disputes. See 45 U.S.C. § 184; Alaska Airlines, Inc. v. Schurke, 898 F.3d 904, 919 (9th Cir. 2018). American further incorporates the Court's rationale set forth in its Order dismissing Plaintiff's breach of contract claim.  See Order, at 44.  As the Court noted, it lacks jurisdiction over Plaintiff's breach of contract claim.  Id.

---

[5] The Declaration of Mark Moscicki was previously filed in support of Defendant's motion to dismiss the Complaint. See Dkt. Nos. 19 and 19-1.

**B.** **Plaintiff Fails to Establish a Breach of Contract Under New York Law**

The AC's conclusory allegations concerning an ordinary supervisory relationship between Plaintiff and Howell fails to satisfy the well-settled elements of a breach of contract claim.  See Order at 44 (citing cases); AC ¶ 7.  Likewise, the interactions between Plaintiff and Eherts (who allegedly neglected "professional duties when it came to advocating for the plaintiff," AC ¶ 9), or Plaintiff and White (AC ¶ 1, and at p.14) are insufficient to state a breach of contract claim under New York Law.  With respect to each of these incidents, Plaintiff fails to plead "the existence of an agreement," his "adequate performance of the contract," a breach of that agreement, or damages.  Id.  For these reasons, Plaintiff fails to salvage his strained breach of contract claim. See Order at 44.

**II.** **PLAINTIFF'S DEFAMATION CLAIM MUST BE DISMISSED**

As argued in Defendant's original Motion to Dismiss, Plaintiff's purported defamation claims are barred by the one-year statute of limitations applicable to such claims.  See. N.Y. C.P.L.R. § 215; Def. Mem., Dkt. No. 21, at 20.  Thus, to the extent that Plaintiff bases his defamation claims on actions allegedly taken by American prior to Plaintiff's separation in May 2016, such allegations are time-barred as they occurred prior to May 1, 2018, i.e., within one year of Plaintiff's filing of the instant action.  See Order at 47 (citing cases); N.Y.C.P.L.R. § 215(3); Lesesne v. Brimecome, 918 F. Supp. 2d 221 (S.D.N.Y. 2013) ("Defamation actions under New York law are subject to a one year statute of limitations.").

Further, the AC fails to identify a single false statement spoken or written by any American employee or representative in support of his defamation claim under New York law.  See Order at 45-46 (collecting case law).  The AC appears to withdraw allegations that negative statements were made concerning Plaintiff and his job performance.  Id.  The AC's only reference to anyone making "false statements" is the allegation that White "was responsible for providing a false report

- 11 -

to a police officer in order to take part in workplace retaliation against employee Anthony Aeneas Daniels."  AC at 16.  This conclusory statement similarly does not meet a single element of a defamation claim under New York law because the AC fails to allege the precise defamatory statement.  Simply reciting the legal element that a statement was "false" cannot suffice.  See Palin v. N.Y. Times Co., 940 F.3d 804, 809 (2d Cir. 2019).  Moreover, as Plaintiff appears to base his claim regarding the false police reports on theories based on a State criminal statute, it must be dismissed.  See infra Section IV.

Therefore, as Plaintiff fails to address the deficiencies noted in the Order, and in the absence of any new allegations identifying any concrete, false statements published by American, Plaintiff cannot sustain a defamation claim.  See Kamdem-Ouaffo v. Balchem Corp., No. 17-CV-2810 (KMK), 2018 WL 4386092 (S.D.N.Y. Sept. 14, 2018).

## III.   PLAINTIFF FAILS TO STATE A CLAIM FOR NEGLIGENCE

A cursory review of the AC suggests that Plaintiff, again, bases his negligence claim under New York law on allegations that: (i) "American Airlines management's failure to ensure Plaintiff was not bullied by his colleagues," Order at 47, including, for example, Plaintiff's alleged ban from taking American flights with which Plaintiff disagrees; (ii) "Parker's failure, as CEO of American Airlines, to personally conduct an investigation of Plaintiff's complaints," id.; as well as (iii) allegations that Sanders failed to do "more research in order to provide a qualitative explanation for why there was contradictory data in plaintiffs [sic]  employee file."  AC ¶ 3.

First, Plaintiff's negligence claim, governed by a three-year statute of limitations, is time-barred to the extent that it is based on allegations that accrued prior to May 1, 2016.  See Polidoro v. Chubb Corp., 386 F. Supp. 2d 33, 341 (S.D.N.Y. 2005); N.Y. C.P.L.R. § 214(5).

Second, as raised in American's initial Motion to Dismiss (Def. Mem., Dkt. No. 21, at 19-20) and as decided by this Court, Plaintiff's negligence claim is barred by the exclusive remedy

provisions of the New York Workers' Compensation Law.  See Order, at 47-48 (citing N.Y. WORKERS' COMP. L. § 29(6)); see also Ferris v. Delta Air Lines, Inc., 277 F.3d 128, 138 (2d Cir. 2001) (citing N.Y. WORKERS' COMP. L. §§ 11, 29(6)).  Therefore, Plaintiff's negligence claim, renewed in the AC, must be dismissed.

## IV.   PLAINTIFF CANNOT RAISE PRIVATE CAUSES OF ACTION UNDER CRIMINAL LAW THEORIES

In the Order, the Court dismissed Plaintiff's claims based on criminal law theories, including aiding and abetting and accessory after the fact, because "there is no private cause of action" for such claims in the instant civil lawsuit.  See Order at 54-55.

The AC renews Plaintiff's claims that American should be criminally prosecuted for providing "false statements to a police officer" (which White had allegedly done so to the LaGuardia Airport Police, see AC, at 16) and "acting in concert" (presumably between the individuals referenced throughout the AC, such as Sanders, Parker, Eherts, etc., id. generally), in violation of New York Penal Law §§ 20.00 and 210.45.  These claims, based on theories of criminal law, must similarly be dismissed.

"No private right of action exists under criminal statutes absent an indication that Congress intended to create such a private right of action."  Kalola v. Int'l Business Machines Corp., No. 19 Civ. 9900 (VB), 2019 WL 6879307, at *3 (S.D.N.Y. Dec. 16, 2019).  Certainly, here, Plaintiff fails to make such a showing of an intent by Congress to permit the prosecution of American under New York State criminal statutes.  In any event, despite being granted leave to amend his Complaint, Plaintiff fails to heed the Court's Order that a civil lawsuit such as this is no place for private causes of action raised under theories of criminal law.  See Order, at 54-55 (collecting cases).  Accordingly, Plaintiff's claims of criminal violations must be dismissed in their entirety.

## V.   THE REMAINDER OF THE AMENDED COMPLAINT MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM

### A.   Standard of Review

In Ashcroft v. Iqbal, 556 U.S. 662 (2009) and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the Supreme Court clarified the requirements a plaintiff must meet in order to plead a viable claim under Fed. R. Civ. P. 8, and thus survive a 12(b)(6) motion:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim for relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  . . .  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief."

Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 556-57); see also Harris v. Mills, 572 F.3d 66, 71-72 (2d Cir. 2009) (applying Twombly/Iqbal standard).  "[A] pro se plaintiff's complaint, while liberally interpreted, still must 'state a claim to relief that is plausible on its face.'" See Kampuries v. American Honda Motor Co., Inc., 204 F. Supp. 3d 484, 489 (E.D.N.Y. 2016) (citations omitted).  Further, where claims are dismissed as time-barred, leave to amend should be denied because amendment would be futile.  Id. at 494.

The allegations in the AC are implausible and fail to meet the applicable pleading standard. Therefore, the Court should dismiss the remainder of the AC in its entirety.

### B.   To the Extent Plaintiff Brings Asserts State Law [6] Disparate Treatment Claims, They Are Time-Barred

Perhaps in an attempt to circumvent the three-year statute of limitations applicable to the NYSHRL and NYCHRL, respectively, the AC places much emphasis on the argument that

---

[6] For the reasons stated in the Order, Plaintiff cannot make out an age discrimination claim under the Age Discrimination in Employment Act ("ADEA"), because: (1) "he is in his twenties," and (2) he fails to "timely file charges of employment discrimination with the EEOC."  Order at 29 (citing 29 U.S.C. § 626(d) and Yu v. City of New York, 792 F. App'x 117, 118 (2d Cir. 2020), among other authorities).  The AC fails to plead any fact that may overcome these deficiencies.

Plaintiff should "not be penalized for not providing the exact dates in his complaint against American Airlines Inc." AC ¶ 12. Moreover, the AC alleges that if permitted to proceed to discovery, Plaintiff would be "able to prove everything which has been in his power to prove." Id. (AC, at 13). That is beside the point. First, Plaintiff's claims under the SHRL and CHRL that accrued prior to May 1, 2016, within three years of the commencement of this action, requires dismissal as barred by the applicable statute of limitations. See Order at 43, n.18 (collecting cases). Second, Plaintiff still makes no allegations to suggest that equitable tolling might apply to his NYSHRL and NYCHRL claims. See Clement v. United Homes, LLC, 914 F. Supp. 2d 362, 374 n.4 (E.D.N.Y. 2012). Therefore, any claims of disparate treatment under the NYSHRL and NYCHRL based on allegations which occurred prior to May 1, 2016, must be dismissed.

### C.    Plaintiff's NYSHRL Discrimination, Hostile Work Environment, and Retaliation Claims Are Implausible

#### 1.    Discrimination Claims Fail

In short, while "Rule 8 [of the FRCP] marks a notable and generous departure from the hypertechnical, code pleading regime of a prior era, [] it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Iqbal, 556 U.S. 678-79. Whereas here, Plaintiff attempts to bypass the basic pleading requirement by demanding that he be permitted to proceed to discovery to pursue his claims, the Court must reject this attempt.

The AC omits any mention of discriminatory acts, omissions, or animus by American or anyone else. Under the McDonnell Douglas framework, "a plaintiff seeking to establish a prima facie case of employment discrimination claim must establish '(1) she belongs to a protected class; (2) she was qualified for the position at issue; (3) she suffered an adverse employment action; and (4) the adverse employment action occurred under circumstances giving rise to an inference of discrimination." Tubo v. Orange Reg'l Med. Ctr., 690 F. App'x 736, 738 (2d Cir. 2017) (citations omitted); Hyek v. Field Support Servs., Inc., 461 F. App'x 59, 60 (2d Cir. 2012) ("Claims brought

- 15 -

under the NYSHRL 'are analyzed identically' [to federal discrimination claims].'") (alterations in original); see also Reichman v. City of New York, 179 A.D.3d 1115, 1116-17 (2d Dep't 2020).

The AC, again focusing on allegations that Plaintiff was mistreated in the workplace, fails to allege a single element of the prima facie case of discrimination, including a reference to any of Plaintiff's protected classes or characteristics.  Considering Plaintiff's prior pleadings referenced his age, Defendants assume, in the abundance of caution, that Plaintiff again raised age-based disparate treatment claims, and Defendant does not dispute that Plaintiff is a member of a protected class (i.e., an individual over the age of 18) or that he formerly held the position of a Flight Attendant.

However, here, the AC simply disputes the legitimacy of Plaintiff's "ban" from taking American flights and his "job abandonment."  AC ¶ 1.  The AC further concludes that Howell "singled out" Plaintiff and "withheld [him] from work-based duties" on an unknown date.  AC ¶ 7.  These generalized allegations fail.  First, such allegations do not put forth even "minimal support for the proposition" that American possessed a discriminatory animus towards Plaintiff.  See Order at 32.  The AC merely alleges adverse actions without identifying any facts that may demonstrate an inference of age discrimination, let alone any protected characteristic.  Id.  Second, and notably absent in the AC, Plaintiff appears to have withdrawn allegations that older employees were treated better by American than younger employees, such as Plaintiff, because of their age.  Id. at 34; see also Boonmalert v. City of New York, 721 F. App'x 29 (2d Cir. 2018).  Without any facts demonstrating causation between Plaintiff's age (if it remains a claim) and any alleged adverse actions, Plaintiff's discrimination claims fail and must be dismissed in its entirety.

### 2.      Hostile Work Environment Claims Fail

To plead a hostile work environment claim under the NYSHRL, a plaintiff must "show that 'the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'"  Duplan v. City of New York, 888 F.3d 612, 627 (2d Cir. 2018) (citations omitted).

Here, the AC makes a single reference to a "hostile work environment" as a cause of action, but does not plead any comments or acts that would demonstrate that Plaintiff's work condition was objectively and subjectively unbearable.  <u>See</u> AC, at 1.  In comparison to the original Complaint, the AC appears to have withdrawn allegations that Plaintiff was "unfair[ly] monitor[ed]," "woken up in an 'aggressive and tyrannical manner,'" mocked by his colleagues as "stupid," that his "boxer briefs [were] held [] in the air," or that his colleagues "secretly organized [a meeting] to humiliate [him]."  Order at 35-37.  As a result of the AC's ever more sparse allegations, and in the absence of any discriminatory comments towards Plaintiff, the AC fails to allege that Plaintiff suffered "discriminatory conduct . . . 'sufficiently severe or pervasive to alter the conditions of [Plaintiff's] employment and create an abusive working environment."  <u>See</u> <u>Campbell v. Bottling Grp., LLC</u>, 814 F. App'x 630, 633 (2d. Cir. 2020); <u>Williams v. New York City Hous. Auth.</u>, 61 A.D.3d 62, 79 (1st Dept. 2009) (noting that the law does not operate as a general civility code).

### 3.    **Retaliation Claims Fail**

NYSHRL retaliation claims are assessed using the <u>McDonnell Douglas</u> burden-shifting framework.  <u>See</u> <u>Holcomb v. State Univ. of N.Y. at Fredonia</u>, 698 F. App'x 30, 31 (2d Cir. 2017) ("Title VII . . . and NYSHRL claims for retaliation are . . . 'analyzed pursuant to Title VII principles.'" (quoting <u>Hicks v. Baines</u>, 593 F.3d 159, 162, 164) (2d Cir. 2010)).  To establish a <u>prima</u> <u>facie</u> case of retaliation, a plaintiff must show "(1) participation in a protected activity; (2) that the defendant knew of the protected activity; (3) an adverse employment action; and (4) a causal connection between the protected activity and the adverse employment action." <u>Littlejohn v. City of New York</u>, 795 F.3d 297, 316 (2d Cir. 2015) (quoting <u>Hicks</u>, 593 F.3d at 164).  The AC falls short of establishing even the first element of a retaliation case, because it lacks any allegations that Plaintiff made any complaints, let alone complaints based on any of his protected characteristic or class, to American.  The closest allegation, based on an alleged conversation between Plaintiff and Eherts (the substance of which is

- 17 -

lacking), where "plaintiff told Ellen Eherts that plaintiff wanted Ellen Eherts to escort plaintiff to plaintiff's gate when plaintiff was being forced to leave New York—because of workplace retaliation and workplace bullying—and she told plaintiff that she could not escort plaintiff to plaintiff's gate." AC ¶ 8. These allegations remain deficient because it is so vague and "generalized" that the employer "could not reasonably understood that [the plaintiff] was complaining of 'conduct prohibited by [antidiscrimination laws].'" Order at 39 (quoting Rojas v. Roman Catholic Diocese of Rochester, 660 F.3d 98, 108 (2d Cir. 2011)). Here, Plaintiff fails to state, in sufficient terms to American, to put Defendant on notice of Plaintiff's belief that he was being discriminated against on the basis of his protected status. Id. ("Plaintiff makes no allegation to suggest that his employer could have understood him to be complaining that he was being discriminated against on the basis of his age, or any other protected status under the NYSHRL."). While the AC sprinkles references of "workplace retaliation" throughout 30 pages, there are no factual allegations identifying a plausible conclusion that discrimination due to Plaintiff's age, or any other protected characteristic, or retaliation as a result of Plaintiff's complaints, played any role in any alleged adverse action suffered by Plaintiff. Id. at 40 (holding that "Plaintiff's conclusory allegations regarding his colleagues' perceptions of his likely limited ability to pursue legal action based on his age and Defendants' loyalty to older and more senior colleagues are not sufficient to plausibly allege that he engaged in a protected activity").

Therefore, to the extent Plaintiff raises claims of age discrimination, hostile work environment, and retaliation under the NYSHRL, they must be dismissed because Plaintiff fails to allege any additional facts in support of his claims. See Order at 30-40.

**D.** **Plaintiff's NYCHRL Discrimination, Hostile Work Environment, and Retaliation Claims Are Likewise Implausible**

**1.** **Discrimination and Hostile Work Environment Claims Fail**

Claims for discrimination and hostile work environment under the NYCHRL must be "analyze[d] . . . separately from federal and state law claims," and courts must "construe its provisions

- 18 -

broadly in favor of a plaintiff—i.e., [they must] analyze whether a plaintiff is treated 'less well' because of a discriminatory intent." Nguedi v. Fed. Reserve Bank of N.Y., 813 F. App'x 616, 616 (2d Cir. 2020) (citing Mihalik v. Credit Agricole Cheuvreux N. Am., Inc., 715 F.3d 102, 108–12 (2d Cir. 2013)).  That is, "a plaintiff need not establish that she or he was subjected to a "materially adverse" change to terms and conditions of employment, but only that she or he was subject to an unfavorable change or treated less well than other employees on the basis of a protected characteristic." Golston-Green v. City of New York, 184 A.D.3d 24, 42 (2d Dep't 2020).

Even premised on a liberal reading of Plaintiff's AC, Plaintiff fails to state a claim for discrimination or hostile work environment under the NYCHRL.  The AC makes a single reference that Howell "stray[ed] from company procedures as it relates to placing flight attendant/plaintiff on 'withheld from service status'" but fails to address what, if any, discriminatory animus Defendant may have against Plaintiff.  AC ¶ 7.  Furthermore, the AC is silent as to what the proper "company procedures" should have been, why the Plaintiff believes such procedures were violated, and most importantly, how such alleged violations relate to Plaintiff's protected characteristics.  The AC does not allude that Plaintiff's colleagues—those "perpetrators" whose "age and seniority" somehow overlapped with their advanced "professional [and] legal experience"—were allegedly treated better than, or preferred over, Plaintiff.  Order at 41-42 (collecting cases).  A generalized, subjective belief that there was "foul play which was at work in harming the plaintiff" cannot suffice.  AC ¶ 12.

## 2. Retaliation Claims Fail

"[T]o prevail on a retaliation claim under the NYCHRL, the plaintiff must show that []he took an action opposing h[is] employer's discrimination, and that, as a result, the employer engaged in conduct that was reasonably likely to deter a person from engaging in such action." Mihalik, 715 F.3d at 112 (citing Albunio v. City of New York, 16 N.Y.3d 472, 479 (2011)).  As the Order noted, "The New York Court of Appeals has held that 'oppos[ing] any practice' can include situations where

a person, before the retaliatory conduct occurred, merely 'made clear her disapproval of [the defendant's] discrimination by communicating to [him], in substance, that she thought [his] treatment of [the victim] was wrong.'" Id.; see also Harrington v. City of New York, 157 A.D.3d 582 (1st Dep't 2018) ("though rather than an adverse action [as required by a prima facie case of a NYSHRL retaliation claim], a plaintiff must show that the defendant 'took an action that disadvantaged' . . . h[im]").

As is the case with the deficiencies exhibited in the Complaint, the AC also fails to identify any conduct that could be reasonably construed as a complaint about conduct prohibited by the NYCHRL.  See Order at 42.  Plaintiff has not made any indication to American, or any other agency or entity, or shown opposition that "he was being mistreated based on his age or any other protected characteristic."  Order at 42.

In any event, the AC admits that most, if not all, of Plaintiff's conduct that could be interpreted as protected activities under the NYCHRL occurred after Plaintiff's separation from American.  See AC ¶ 3 (when Plaintiff complained following his separation, Sanders "did not have an answer/response for plaintiff" and did not do "more research in order to provide a qualitative explanation for why there was contradictory data in plaintiffs [sic] employee file"); ¶ 4 (American provided "false information" to the New York State Department of Labor "as to why plaintiff is no longer employed at American Airlines Inc."); ¶ 6 (when Plaintiff complained, Parker "never responded to plaintiffs [sic] complaint via email, postal mail, telephone, or any other means of communication" regarding Plaintiff's "unresolved issue of illegally being terminated").  Therefore, Plaintiff fails to satisfy the causation prong of a prima facie case of a NYCHRL retaliation claim.  His subsequent, post-separation complaints cannot be attributed to any retaliatory animus which targets Plaintiff's protected activities. Therefore, Plaintiff's retaliation claims must be dismissed.

- 20 -

Because Plaintiff fails to remedy the deficiencies in his pleading, his age discrimination, hostile work environment, and retaliation claims under the NYCHRL must be dismissed.  <u>See</u> Order at 40-43.

## VI.   RETALIATION UNDER NEW YORK LABOR LAW § 215 FAILS

### A.   The Two-Year Statute of Limitations Bars Plaintiff's NYLL § 215 Claim

Section 215 of the New York Labor Law ("NYLL") states, in pertinent part:

> No employer ... shall discharge, penalize, or in any other manner discriminate against any employee because such employee has made a complaint to his employer ... that the employer has violated any provision of this chapter [the Labor Law]. . . .

N.Y. Lab. L § 215(1)(a).  Such a claim is subject to a two-year statute of limitations.  <u>Id.</u> § 215(2)(a).  Thus, all allegations based on events occurring prior to May 1, 2017, two years from the filing of the instant action, are time-barred.  Given that Plaintiff's separation occurred in May of 2016, Plaintiff's untimely NYLL § 215 claim must be dismissed in its entirety.

### B.   Plaintiff Fails to State a Claim Under NYLL § 215

Even assuming, <u>arguendo</u>, Plaintiff's NYLL Section 215 claim is timely, he still fails to plead a <u>prima facie</u> case.  To state a retaliation claim under Section 215, a plaintiff must make a <u>prima facie</u> showing by pleading: "(1) participation in a protected activity known to the defendant; (2) an employment action disadvantaging the plaintiff; and (3) a causal connection between the protected activity and the adverse employment action."  <u>Farmer v. Patino</u>, 18 Civ. 1435 (AMD)(LB), 2020 WL 5342592, at *5 (E.D.N.Y. Sept. 4, 2020) (Fair Labor Standards Act context) (citations omitted).

First, and for reasons discussed in the Order and above, Plaintiff did not engage in any protected activity known to American concerning alleged violations of anti-discrimination law or any other statute.  <u>See</u> Order at 39-40, 42; <u>supra</u> Sections V.C(4) and V.D(2).  Second, Plaintiff

does not plead any facts showing his post-separation complaints (e.g., to Sanders and Parker) are linked to the separation itself.   See, e.g., Khurana v. Wahed Invest, LLC, 18 Civ. 233 (LAK)(BCM), 2020 WL 364794 (S.D.N.Y. Jan. 8, 2020) (recognizing a "relatively narrow range of conduct" in the context of a claim for "post-termination retaliation," including "bad faith or groundless counterclaims" or other "bad faith litigation" against the former employee); Porter v. MooreGroup Corp., 17 Civ. 7405 (KAM)(VMS), 2020 WL 32434, at *11 (E.D.N.Y. Jan. 2, 2020) ("including threatening immigration-related consequences").   The AC is silent of any such allegations.   Thus, Plaintiff's NYLL § 215 retaliation also fails as a matter of law.

## VII.   FUTILITY OF AMENDMENT

While Rule 15(a)(2) instructs that Courts "should freely give leave" to amend a complaint "when justice so requires," leave to amend may "properly be denied for . . . 'futility of amendment.'" Kalola, 2019 WL 6879307, at *5-6 (denying pro se plaintiff leave to amend because "[t]he problems with plaintiff's claims are substantive, and better pleading will not cure them"). Indeed, there appears no plausible, factual predicate for any of Plaintiff's claims despite being granted leave to file the instant AC, and for these reasons, further amendment would be futile.

## **CONCLUSION**

Accordingly, for all of the reasons stated herein, Defendant respectfully requests that the Court dismiss Plaintiff's Amended Complaint, with prejudice, and for such other and further relief as the Court deems just, proper and equitable.

To the extent the Court liberally construes the Amended Complaint and identifies any causes of action not addressed herein, American respectfully requests an opportunity to brief dismissal of such causes of action.

Dated: June 17, 2021
      Melville, New York

By: _____

Daniel Gomez-Sanchez
Shirley W. Bi
LITTLER MENDELSON, P.C.
290 Broadhollow Road, Suite 305
Melville, New York 11747
631.247.4700
631.824.9249 (fax)
dsgomez@littler.com
sbi@littler.com

*Attorneys for Defendant American Airlines, Inc.*

4824-9139-0958.6 / 086761-1057

- 23 -